IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Robert Smith, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 10 C 6574 |
| v. ) | |
| ) | Suzanne B. Conlon, Judge |
| Safety-Kleen Systems, Inc., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Robert Smith brings this putative collective action against Safety-Kleen Systems, Inc. ("Safety-Kleen"), alleging it fails to pay overtime compensation in violation of the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. § 201 *et seq*. He moves to conditionally certify a collective action and authorize notice to similarly situated employees under 29 U.S.C. § 216(b). Safety-Kleen argues statements in Smith's declaration are untruthful, Smith has not proven any of its policies or practices violates the FLSA, and the alleged claims will require individual, fact-intensive inquiries rendering them inappropriate for conditional certification. For the reasons set forth below, certification is granted as to Safety-Kleen Systems, Inc., but denied as to Safety-Kleen's subsidiaries and affiliated companies.

## BACKGROUND

Safety-Kleen operates chemical recycling facilities and develops and sells cleaning materials, chemicals, environmental solutions and other products for customers nationwide. Answer to Complaint ("Ans.") at ¶ 7; Declaration of William Schade (Dkt. No. 31) ("Schade Dec.") at ¶ 3. Since July 2000, Smith has worked in similar positions as a chemical handler or

operations specialist at Safety-Kleen's Dolton, Illinois facility. Ans. at ¶ 4. Operations specialists are required to wear a work shirt, work pants, safety glasses, a hard hat and work boots. Safety-Kleen's Interrogatory Responses (Dkt. No. 24, Ex. D) at ¶ 12; Schade Dec. at ¶¶ 18-19. After donning this clothing and equipment in the locker room prior to their scheduled shifts, operations specialists walk to the break room where time clocks are located to swipe in. Interrogatory Response at ¶ 12; Schade Dec. at ¶ 20. No employee may clock in more than seven minutes before the scheduled shift start time. Schade Dec. at ¶ 23.

After clocking in and entering the work area, operations specialists may be required to put on task-specific equipment, such as respirators and Tyvek suits. Interrogatory Response at ¶ 12; Schade Dec. at ¶¶ 25-27. This equipment is removed in the work area before operations specialists proceed to the break room to clock out. Interrogatory Response at ¶ 12; Schade Dec. at ¶¶ 27, 29-30. Employees may not swipe out more than 15 minutes before the end of their scheduled shift. Schade Dec. at ¶ 31. Operations specialists then return to the locker room, take off their work shirt, work pants, safety glasses, hard hat and work boots, shower and change into street clothes. Interrogatory Response at ¶ 12; Schade Dec. at ¶ 32. Safety-Kleen's time system automatically adds 15 minutes each day at the employee's hourly rate for showering and changing clothes. Schade Dec. at ¶ 33.

Smith alleges Safety-Kleen violates the FLSA by failing to pay overtime incurred before and after shifts and rounding time to the nearest quarter hour exclusively to its benefit. Compl. at ¶¶ 11-15, 21-22, 27-28; Smith Motion at pp. 3-4. He believes between 33 and 100 employees may be eligible to participate in a collective action as plaintiffs. Compl. at ¶ 25; Smith Motion (Dkt. 24) at p. 2, Exs. A, B.

## ANALYSIS

### I. Legal Standard

An employee is entitled to compensation in excess of 40 hours per week at a rate not less than one and one-half times the regular rate of the employee's wages. 29 U.S.C. § 207(a)(1). An employee may file a collective action on behalf of other employees who are "similarly situated" to recover unpaid overtime. 29 U.S.C. § 216(b). District courts have wide discretion in managing collective actions. *Alvarez v. City of Chicago*, 605 F.3d 445, 449 (7th Cir. 2010) (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 171, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)).

Although not yet addressed by the Seventh Circuit, this court has utilized a two-step process to determine whether an FLSA lawsuit should proceed as a collective action. *See, e.g., Smallwood v. Illinois Bell Tel. Co.*, 710 F. Supp. 2d 746, 750 (N.D. Ill. 2010) (Denlow, J.); *Russell v. Illinois Bell Tel. Co.*, 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008) (Kennelly, J.) ("*Russell I*"); *Jirak v. Abbott Laboratories, Inc.*, 566 F. Supp. 2d 845, 847-848 (N.D. Ill. 2008) (Castillo, J.) (citing cases). In the first step, the plaintiff must make a minimal showing that potential class members are victims of a common policy or plan. *Id.* If this modest burden is met, a notice is sent to potential class members giving them an opportunity to opt in as plaintiffs. *Id.* In step two, which typically occurs after discovery, the defendant may move to decertify the collective action. *Id.* To proceed as a collective action, plaintiffs must demonstrate sufficient similarity exists between the named and opt-in plaintiffs. *Id.* Unlike step one where a "lenient interpretation" of the term similarly situated is used, step two requires plaintiffs to overcome a more stringent evidentiary standard. *Id.*; *Russell v. Illinois Bell Tel. Co.*, 721 F. Supp. 2d 804,

3

811 (N.D. Ill. 2010) (Kennelly, J.) (applying a three-part test in step two to determine whether to decertify collective action).

## II. Conditional Certification

Smith contends Safety-Kleen (1) failed to compensate him and other employees for actual overtime incurred before and after scheduled shifts while donning and doffing personal protective equipment, walking between the locker room and the break room and showering; and (2) exclusively benefits from its practice of rounding time to the nearest quarter hour because employees are not permitted to swipe in more than seven minutes prior to a scheduled shift. Compl. at ¶¶ 11-15, 21-22, 27-28; Smith Motion at pp. 3-4. At this stage of the proceedings, Smith is only required to make a "modest factual showing" that potential class members were victims of a common policy or practice. *Russell I*, 575 F. Supp. 2d at 933; *Jirak*, 566 F. Supp. 2d at 848 (step one "requires nothing more than substantial allegations" of a policy or plan) (quoting *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-03 (10th Cir. 2001), *cert. denied*, 536 U.S. 934, 122 S. Ct. 2614, 153 L. Ed. 2d 799 (2002)). In addition to the complaint allegations, Smith relies on his declaration, the safety section of Safety-Kleen's employee handbook and the company's written policies regarding personal protective equipment, decontamination procedures, time recording and its 7/8 rounding rule. Smith Motion at Exs. A, E, F, I, J, K, M.

Smith attests that as an hourly paid chemical handler or operations specialist, he was required to wear steel toed boots, a hard hat, safety glasses, a protective shirt and pants, safety gloves and other equipment. Declaration of Robert Smith (Dkt. No. 24, Ex. A) ("Smith Dec.") at ¶¶ 1, 5. He explains the daily process of donning and doffing this clothing and equipment in the locker room, walking to and from the break room where the time clocks are located and taking a

4

mandatory shower before changing into street clothes and leaving the facility. *Id.* at ¶¶ 6-7. He attests Safety-Kleen credits him 15 minutes each day, not the actual time taken to complete the pre- and post-shift activities. *Id.* at ¶ 7. He describes Safety-Kleen's policies of not permitting employees to clock in more than seven minutes in advance of the scheduled shift time and rounding time to the nearest quarter hour. *Id.* at ¶ 8. The company's written policies support his description. Smith Motion at Exs. E, F, I, J, K, M.

Safety-Kleen does not dispute these facts as they relate to operations specialists at the Dolton, Illinois facility, including Smith. Schade Dec. at ¶¶ 18-20, 23, 25, 29-32; Interrogatory Response at ¶ 12. It contends Smith made material misstatements regarding his arrival time at the facility, the time spent changing into work clothes prior to clocking in, the length of his meal period and the time spent showering and changing clothes after clocking out. Safety-Kleen's Resp. at p. 13. In support, Safety-Kleen offers an analysis of Smith's time records in 2010. Schade Dec. at Ex. 1. The chart indicates Smith arrived 15 minutes early to the facility on average, not 30-45 minutes. *Id.* at Ex. 2. The analysis does not include data regarding meal periods and is missing 132 of 210 entries relating to the time Smith exited the locker room after doffing his work clothes, showering and changing into street clothes. *Id.* at Ex. 1. The number of weeks Smith worked over 40 hours, the minutes taken to perform activities between clocking out and exiting the facility, and his actual daily unpaid time may turn on this data.

Because discovery has not been completed, it is premature to determine whether the missing data affects Smith's allegations. *Russell I*, 575 F. Supp. 2d at 935. Nor is it appropriate at this step of the certification process to judge the parties' credibility. *Smallwood*, 710 F. Supp. 2d at 751 (finding discrepancies in the parties' declarations did not affect the issue of conditional

5

certification); *Anyere v. Wells Fargo, Co., Inc.*, No. 09 C 2769, 2010 WL 1542180, at *3 (N.D. Ill. Apr. 12, 2010) (Lefkow, J.) (declining to decide which facts in the parties' competing affidavits should be accepted until step two of the certification process).[1] Safety-Kleen does not contest it rounds time to the nearest quarter hour, does not permit employees to clock in more than seven minutes before a scheduled shift and does not compensate based on the actual time spent donning and doffing clothing, showering and walking to and from the break room. Schade Dec. at ¶¶ 18-20, 23, 25, 29-32, Interrogatory Resp. at ¶ 12; Safety-Kleen Resp. at p. 5, n.2. Smith's declaration is consistent with these policies and practices. His declaration and the company's written policies are sufficient for purposes of step one in the certification process.[2] *Anyere*, 2010 WL 1542180, at *2 (to make the modest factual showing, some factual support in the form of affidavits, declarations or other evidence is required).

Safety-Kleen argues its policies and practices do not violate the FLSA. Safety-Kleen Resp. at p. 6-9. Citing *Steiner v. Mitchell*, 350 U.S. 247, 76 S. Ct. 330, 100 L. Ed. 267 (1956), Safety-Kleen contends it is not required to pay employees for time spent changing in and out of generic work clothes and showering at the end of a shift. *Steiner* determined activities performed before or after regular work hours must be an "integral and indispensable part" of the employee's

---

[1] On April 1, 2011, Safety-Kleen moved to strike Smith's declaration. The motion was denied on April 5, 2011 on procedural grounds. (Dkt. No. 33.)

[2] Safety-Kleen contends untruthful statements in Smith's declaration disqualify him to be an adequate representative. Safety-Kleen does not cite Seventh Circuit authority that the representative requirement in a Rule 23 class action is applicable in a FLSA collective action. *Cf. Ervin v. OS Restaurant Servs., Inc.*, 632 F.3d 971, 976 (7th Cir. 2011) (discussing differences between Rule 23 and FLSA actions). Because the court does not reach the veracity of either parties' declarations, Smith has not been shown incapable of serving as the collective action representative at this stage.

6

principal work to be compensable. *Steiner,* 350 U.S. at 255-56, 76 S. Ct. at 335 (changing clothes and showering was an integral and indispensable part of employees' principal activity because they worked with caustic and toxic materials); see also *IBP, Inc. v. Alvarez,* 546 U.S. 21, 126 S. Ct. 514, 163 L. Ed. 2d 288 (2005) (describing preliminary and postliminary activities that are not excluded from FLSA coverage); *Pirant v. United States Postal Service,* 542 F.3d 202, 208-09 (7th Cir. 2008) (postal worker's donning and doffing a uniform shirt, gloves and work shoes was not integral and indispensable to her principal activities), *cert. denied,* – U.S. –, 130 S. Ct. 361, 175 L. Ed. 2d 21 (2009)). Whether donning and doffing required Safety-Kleen clothing and showering constitutes an integral and indispensable part of employees' work is a factual question considered after discovery. *Anyere,* 2010 WL 1542180, at *3; *Russell I,* 575 F. Supp. 2d at 935.

Similarly, Safety-Kleen argues any uncompensated work time is *de minimis* or offset by the 30 minute paid meal period and 15 minute paid shower time, and that the company does not exclusively benefit from its practice of rounding time to the nearest quarter hour.[3] These arguments require factual determinations that are also premature at this stage of the proceedings. *Id.*

Safety-Kleen contends Smith's claims will require individual inquiries rendering them inappropriate for conditional certification. Safety-Kleen's Resp. at 12 (citing *Forney v. TXX Co.,* No. 05 C 6257, 2006 WL 1030194 (N.D. Ill. Apr. 17, 2006) (Conlon, J.)). In *Forney,* the claims depended on whether the claimants' salaries and duties met regulatory exemption requirements.

---

[3] A rounding practice to the nearest five minutes, one-tenth or quarter of an hour is permitted, provided that it will not result, over a period of time, in failure to compensate employees properly for all time actually worked. 29 C.F.R. § 785.48(b).

*Id.* at \*2. The court found the named plaintiff failed to satisfy step one of the conditional certification process because she did not identify another employee who performed similar duties or met the educational standards for exemption. *Id.* at \*2-\*3. The court recognized that fact-intensive, individualized determinations of other employee's qualifications would be required, "assuming she passe[d] step one." *Id.* at \*3.

Unlike *Forney*, Safety-Kleen does not contest that operations specialists are required to don and doff work clothing and equipment in the locker room, shower and walk to and from the break room; or that it rounds time to the nearest quarter hour and does not permit employees to clock in more than seven minutes before a scheduled shift. Schade Dec. at ¶¶ 18-20, 23, 25, 29-32, Interrogatory Resp. at ¶ 12; Safety-Kleen Resp. at p. 5, n.2. Whether Safety-Kleen's policies and practices in fact violate the FLSA is a common question among operations specialists at the Dolton, Illinois facility. *Alvarez*, 605 F.3d at 449 ("[i]f common questions predominate, the plaintiffs may be similarly situated even though the recovery of any given plaintiff may be determined by only a subset of those common questions"). The "mere potential" that operations specialists' recovery may be individualized if an FLSA violation is proven does not preclude conditional certification. *Anyere*, 2010 WL 1542180, at \*3; *Jirak*, 566 F. Supp. 2d at 850; *Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780-81 (N.D. Ill. 2007) (Kennelly, J.).

Smith has presented sufficient evidence through his declaration and the company's written policies to demonstrate that Safety-Kleen does not pay employees based on the actual time spent donning and doffing clothing and equipment in the locker room, showering and walking between the locker room and break room, or permit employees to clock in more than seven minutes before a scheduled shift, which is rounded down to the nearest quarter hour.

Smith Motion at Exs. E, F, I, J, K, M; *see also* Schade Dec. at ¶¶ 18-20, 23, 25, 29-32, Interrogatory Resp. at ¶ 12; Safety-Kleen Resp. at p. 5, n.2. For purposes of step one, he has established Safety-Kleen's policies and practices may violate FLSA's overtime requirements as to him and other operations specialists at the Dolton, Illinois facility. Smith has made the minimal showing required for conditional certification. *Jirak*, 566 F. Supp. 2d at 848, 850.

### III. Class Definition and Notice

Smith's proposed class definition includes "[a]ll individuals who were employed, or are currently employed, by [Safety-Kleen], its subsidiaries or affiliated companies, as hourly paid, chemical handlers or other similarly titled positions at any time from October 14, 2007 to the present date." Smith Motion. at p. 2; Compl. at ¶ 19. Though not raised by Saftey-Kleen, Smith did not name any subsidiaries or affiliated companies as defendants in his complaint, and it does not appear unidentified subsidiaries or affiliates have received notice of the case. Fed. R. Civ. P. 4. Because they are not parties, employees of Safety-Kleen's subsidiaries and affiliated companies are not included in the class definition or the notice to potential class members. The proposed notice shall be amended so that the term Safety-Kleen refers to Safety-Kleen Systems, Inc. not "the lawsuit captioned *Smith et al. v. Safety-Kleen*." *See* Smith Motion. at Ex. C. The proposed class definition uses October 14, 2007 as the beginning date. 29 U.S.C. § 255 provides a two-year statute of limitations unless the FLSA action arises from a willful violation, which may be commenced within three years. At this stage of the proceedings, no determination is made as to the appropriate statute of limitations. Safety-Kleen does not object to the date, and October 14, 2007 may be used in the notice. *Madden v. Corinthian Colleges, Inc.*, No. 08 C

6623, 2009 WL 4757269, *4 (N.D. Ill. Dec. 8, 2009) (Hibbler, J.) (permitting the notice to include the date that was three years prior to the date the complaint was filed).

Safety-Kleen argues the class should be limited to operations specialists 1. Safety-Kleen admits it previously employed classifications of operations specialists other than operations specialist 1, and that chemical handler is a former job classification. Schade Dec. at ¶¶ 6, 9. Because Safety-Kleen does not contest the similarity of the positions, the class definition may include operations specialists and chemical handlers. The proposed notice shall be amended to refer to operations specialists and chemical handlers, not Safety-Kleen employees generally, and to define the terms "Plaintiffs" and "Named Plaintiffs" in Section I of the notice. *See* Smith Motion at Ex. C.

Safety-Kleen contends conditional certification should be limited to the Dolton, Illinois facility. Smith does not seek authorization to send notice to operations specialists and chemical handlers employed at other Safety-Kleen facilities. In his motion, Smith states the potential class members work at the chemical processing facility in Dolton, Illinois, and he proposes to send notice to current and former employees who have worked at that location. Smith Motion at pps. 2, 9, 14. To ensure clarity, the class definition and notice shall refer specifically to the Dolton, Illinois facility.

As discussed above, Smith has made the requisite minimal showing for conditional certification. The following class of similarly situated employees is conditionally certified and may receive notice of this lawsuit: all individuals who were employed, or are currently employed, by Safety-Kleen Systems, Inc. as hourly paid, operations specialists or chemical handlers at the Dolton, Illinois facility at any time from October 14, 2007 to the present date.

## CONCLUSION

For the reasons set forth above, Smith's motion to certify a collective action is granted as to Safety-Kleen Systems, Inc., but denied as to Safety-Kleen's subsidiaries and affiliated companies.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

April 14, 2011