# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6574 | **DATE** | 9/2/2011 |
| **CASE TITLE** | Robert Smith vs. Safety-Kleen Systems, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant's Emergency Motion to Compel Answers to Deposition Questions [70] is granted in part and denied in part as set forth below.

■[ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

At issue is a demonstrative exhibit, created for the use of depositions and which has not previously been produced during discovery. That exhibit purportedly depicts the layout of the employee locker room at defendant's Dolton facility. Deponent (and opt-in plaintiff) Russell Hooker testified regarding the locker room and the activities that took place therein. When presented with the exhibit, Hooker responded that although he had never seen the document before, it looks "similar" to a diagram of the locker room. Plaintiffs' counsel objected to any questions regarding the document, arguing that there was no foundation for the document. In particular, plaintiffs' counsel would not allow his client to respond to defense counsel's question to "mark with a letter A the door in which you enter the locker room" or to otherwise "markup an exhibit that has no foundation." Defendant's counsel then halted the deposition in order to file the pending motion.

It is well settled that an objection during a deposition - "whether to evidence...or to any other aspect of the deposition - must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection." Fed. R. Civ. P. 30(c)(2). In fact, a person may only instruct a deponent not to answer when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(3). *Redwood v. Dobson*, 476 F.3d 462, 468 (7th Cir. 2007). Further, any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. Fed. R. Civ. P. 30(d)(1).

Here, plaintiffs' counsel's objections bordered on argumentative and it was improper to advise his client not to answer defendant's counsel's questions regarding the layout of the locker room. We disagree with plaintiffs' counsel's representation that his conduct was proper because

## STATEMENT

"there were no actual questions pending," only defense counsel's "directives." Hooker having testified that the diagram looks similar to the employee locker room with which he is familiar, defendant's counsel is free to re-depose Hooker to ask questions regarding that diagram and to ask him to identify portions of the diagram, if he is able to do so.[1] Of course, the admissibility and weight to be afforded the document and the deponent's testimony is for another day.

The Court will not award defendant costs and fees incurred in pursuing the emergency motion or additional deposition expenses. Nor will the Court enter an order regarding depositions that have yet to take place. Both parties are reminded, however, that the examination of any additional deponents must move forward despite any objections, unless those objections fit in the three exceptions set forth above. Future unwarranted interruptions to the discovery process may result in sanctions.

---

1. We see no distinction between (1) asking a deponent to mark a location on an exhibit and (2) asking him to point to a location, and following up with an oral description on the record where he pointed.